UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL JOHN BRADWAY,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　　　　　　Respondent. | Case No.:  24-cv-2208-MMA (SBC)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

　　　　Petitioner Gabriel John Bradway, a state prisoner confined at Valley State Prison proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2004 conviction and sentence in San Diego County Superior Court case number SCE216951.  Doc. No. 1.  For the reasons discussed below, the Court dismisses the Petition without prejudice and declines to issue a certificate of appealability.

## I. Failure to Satisfy Filing Fee Requirement

　　　　First, Petitioner has neither paid the $5.00 filing fee nor moved to proceed in forma pauperis ("IFP").  Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed IFP, the case is subject to dismissal without prejudice.  *See* R. 3(a), Rules Governing Section 2254 Cases (2019).

## II. PETITION BARRED BY GATEKEEPER PROVISION

Moreover, upon review, the instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has filed in this District challenging his 2004 conviction and sentence in San Diego County Superior Court case number SCE216951. On January 3, 2007, Petitioner filed in this District a Petition for a Writ of Habeas Corpus challenging this same 2004 San Diego Superior Court conviction and sentence. *See* Doc. No. 1 in *Bradway v. Tilton, et al.*, So. Dist. Cal. Case No. 07-cv-0022-IEG (POR). On February 15, 2008, the Court denied that petition on the merits and granted a certificate of appealability. *See* Doc. No. 13 in *Bradway v. Tilton, et al.*, So. Dist. Cal. Case No. 07-cv-0022-IEG (POR). On December 3, 2009, the Ninth Circuit Court of Appeals affirmed the district court's denial and on December 29, 2009, issued the mandate. *See* Doc. No. 24 in *Bradway v. Tilton, et al.*, So. Dist. Cal. Case No. 07-cv-0022-IEG (POR) (copy of Ninth Circuit's order and mandate in *Bradway v. Cate, et al.*, Case No. 08-55296). The Court takes judicial notice of these prior filings and orders. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.")

Here, Petitioner presently seeks to challenge this same 2004 judgment of conviction. Doc. No. 1. Petitioner explains that he did not previously raise on direct appeal the issues he now presents because he was "not aware" of those issues due to being "misled" by counsel and/or the prosecution. *Id.* at 6-7. While Petitioner acknowledges he previously appealed this conviction in the Ninth Circuit in case number 08-55296, *see id.* at 2, he has also separately checked "no" on the section of the habeas form asking whether he had "previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition." *Id.* at 21.

A habeas petition is "second or successive" where a petitioner challenges "the same custody imposed by the same judgment of a state court" as in a prior petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007). Moreover, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move

in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, even were Petitioner able to demonstrate that the instant Petition falls within the statutory provisions allowing for permission to file a second or successive habeas petition, *see* 28 U.S.C. § 2244(b)(2)(A)-(B), because Petitioner has previously challenged this same judgment, he still first must obtain authorization from the Ninth Circuit to file a petition in this District. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Morales v. Sherman*, 949 F.3d 474, 476 (9th Cir. 2020) (per curiam) (recognizing that 28 U.S.C. § 2244(b)(3)(A) is "a provision that bars district courts from entertaining a second or successive petition unless its filing has first been authorized by the court of appeals").

Petitioner offers nothing to show that he sought and received permission from the Ninth Circuit Court of Appeals to file the instant Petition and the Court finds no record indication that Petitioner has either sought, much less, obtained, any such permission. Accordingly, this Court lacks jurisdiction to consider the instant Petition.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") is required to appeal to the court of appeals "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," and is warranted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(A) and (c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, because Petitioner previously filed a petition challenging his 2004 conviction and sentence in San Diego County Superior Court case number SCE216951 which was denied on the merits and there is no indication he has received permission from the Ninth

Circuit Court of Appeals to file a second or successive petition, the Court is not persuaded that Petitioner has shown "jurists of reason would find it debatable whether the district court was correct" in dismissing the instant petition for lack of authorization. *See* 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2253(c); *Burton*, 549 U.S. at 153; *Slack*, 529 U.S. at 484. Accordingly, the Court declines to issue a COA.

### IV. Conclusion and Order

For the reasons discussed above, the Court **DISMISSES** this action **WITHOUT PREJUDICE**. Because there is no indication that the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition, this Court cannot consider the Petition. Petitioner is not precluded from filing a petition in this Court challenging his 2004 conviction and sentence if he first obtains the necessary order from the Ninth Circuit Court of Appeals. The Court **DECLINES** to issue a COA. The Clerk of Court is directed to send Petitioner a blank Ninth Circuit Application for Leave to File a Second or Successive Petition Under 28 U.S.C. § 2254 together with a copy of this Order.

**IT IS SO ORDERED.**

Dated: December 4, 2024

HON. MICHAEL M. ANELLO
United States District Judge